IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY COWAN,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-132 |
| | : | |
| PRIECARE MEDICAL INC., *et al.*,<br>    Defendants. | : | |

**MEMORANDUM**

**PADOVA, J.**                                                                                               **JANUARY 19, 2022**

Plaintiff Jeffrey Cowan, a pretrial detainee at Northampton County Prison ("NCP"), filed this civil right action *pro se* naming as Defendants Primecare Medical Inc. ("Primecare"), and Primecare administrators Jenn Keller,[1] and Shane P. Caffery. Keller and Caffery are sued in their individual and official capacities. Cowan seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Cowan leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    FACTUAL ALLEGATIONS**

Cowan's factual allegations are brief. On December 23, 2021, he filed a medical request form to check his hepatitis but was never called to the prison medical unit. (ECF No. 2 at 7.)[2] Non-defendant LPN Kerstyn took his request. (*Id.*) She is allegedly monitored by Defendant Caffery, who is Primecare's director of nursing. (*Id.*) At some point Cowan was able to communicate his problem to Defendant Keller when she was visiting his tier to tend to another

---

[1] Defendant Keller's name is not spelled consistently in the Complaint. The Court will use the spelling contained in the caption.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

inmate. (*Id*.) She allegedly responded that she would look into his request for treatment "but nothing was ever done." (*Id*.) Cowan asserts that Primecare "provides inadequate medical in violation of my Constitutional Rights to short term and long term care because[] of short handed staff." (*Id*.) Cowan seeks money damages.

## II.  STANDARD OF REVIEW

The Court will grant Cowan leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Cowan's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Cowan is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

---

[3] Because Cowan is a prisoner, he must still pay the $350 filing fee in installments as required by the Prison Litigation Reform Act.

## III.  DISCUSSION

Cowan seeks money damages for constitutional claims.  The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.  Claims against Primecare and Official Capacity Claims

Cowan has named Primecare as a Defendant and has named Keller and Caffery in their official capacities as Primecare employees, as well as in their individual capacities.  The claims against Primecare and the official capacity claims against Keller and Caffery must be dismissed.

To the extent that Cowan seeks to assert claims against Keller and Caffery in their "official capacities," such claims are arguably not cognizable because Primecare is a private entity.  "Generally, a suit against a [ ] public officer in his or her official capacity is used to compel that officer to take some official action [and that] concept . . . is inapplicable to suits against private parties where the entity is also susceptible to suit."  *Owens v. Connections Cmty. Support Programs, Inc.,* 840 F.Supp.2d 791, 796 (D. Del. 2012).  Even if official capacity suits against individuals who work for private companies are cognizable, the suit would, in effect, be

3

one against the company for whom that individual works. *See Kentucky v. Graham,* 473 U.S. 159, 105 (1985).

The United States Court of Appeals for the Third Circuit has held that "a private health company providing services to inmates 'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.'" *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (quoting *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003)). Rather, in order to hold a private health care company like Primecare liable for a constitutional violation under § 1983, Cowan must allege the provider had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]." *Natale*, 318 F.3d 575, 583-84 (citing *Bd. of the Cty. Comm'rs of Bryan Cty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *see also Lomax v. City of Philadelphia*, Civ. A. No. 13-1078, 2017 WL 1177095, at *3 (E.D. Pa. Mar. 29, 2017) ("Because [defendant] is a private company contracted by a prison to provide health care for inmates, . . . it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.") (citations and quotations omitted).

Cowan's allegation that Primecare provides inadequate medical care because it is short-handed is not sufficient to allege a plausible claim because Cowan fails to allege that the lack of staffing is due to a relevant policy or custom that caused the constitutional violation he alleges. The alleged fact that there is a shortage of medical staff at NCP is not a plausible policy or custom allegation. Rather, "'[p]olicy is made when a decisionmaker possess[ing] final authority to establish [a] policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven

by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, a plaintiff must establish that the Defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to [plaintiff's] injury." *Id.* (internal quotations and alterations omitted). Allegations that simply paraphrase the policy or custom definitions are too vague and generalized to support a claim. *See, e.g.*, *Szerensci v. Shimshock*, Civ. A. No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) (holding that, in a similar municipal policy or custom case, that "Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases). However, because the Court cannot say at this time that Cowan can never assert a plausible claim against Primecare, the dismissal will be without prejudice and Cowan will be afforded an opportunity to file an amended complaint if he is capable of curing the defect the Court has identified.

### B. Individual Capacity Claims

Cowan also names as Keller and Caffery in their individual capacities. To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[4]

---

[4] As it appears that Cowan was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam); *see also Moore v. Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care).

*See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

    Cowan's claims against Keller and Caffery fail under this test. While he alleges he asked the two Defendants to "check his hepatitis," he fails to allege what type of hepatitis he had, that he needed treatment for his condition at the time he asked for it to be checked, that his condition

created an excessive risk to his health or safety that required medical attention when he asked to be checked, or even that his condition was serious. *Compare Chimenti v. Pennsylvania Dep't of Corr.*, Civ. A. No. 15-3333, 2017 WL 3394605, at *9 (E.D. Pa. Aug. 8, 2017) (holding that prisoner plaintiffs stated claims where they alleged they had Hepatitis C infections, that they all currently suffered from, or were at risk of suffering from, serious medical conditions as a result of these infections, and that the defendants has delayed or denied their requests for treatment). However, because the Court cannot say that Cowan can never assert a plausible claim based on his condition, the dismissal of the individual claims against Keller and Caffery will be without prejudice and Cowan will be granted an opportunity to amend these claims as well.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Cowan leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice. Cowan will be granted leave to amend in order to "flesh out [his] allegations by . . . explaining in [the] amended complaint the 'who, what, where, when and why' of [his] claim." *See Overby v. Steele*, Civ. A. No. 21-5030, 2021 WL 6137026, at *5 (E.D. Pa. Dec. 29, 2021); *Gambrell v. S. Brunswick Bd. of Educ.*, Civ. A. No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). An order follows with additional information about amendment.

**BY THE COURT:**

**/s/ John R. Padova**
**JOHN R. PADOVA, J.**