**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JEFFREY COWAN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-CV-132** |
| | : | |
| **PRIECARE MEDICAL INC.,** *et al.,* : | | |
| **Defendants.** | : | |

**ORDER**

AND NOW, this 19ᵗʰ day of January, 2022, upon consideration of Plaintiff Jeffrey Cowan's

Motion to Proceed *In Forma Pauperis* (ECF No. 1), his Prisoner Trust Fund Account Statement

(ECF No. 3), and his *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1.      Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.      Jeffrey Cowan, # 0008807, shall pay the full filing fee of $350 in installments,

pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case.  The Court directs the

Warden of Northampton County Prison or other appropriate official to assess an initial filing fee of

20% of the greater of (a) the average monthly deposits to Cowan's inmate account; or (b) the average

monthly balance in Cowan's inmate account for the six-month period immediately preceding the

filing of this case.  The Warden of Northampton County Prison or other appropriate official shall

calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a

reference to the docket number for this case.  In each succeeding month when the amount in Cowan's

inmate trust fund account exceeds $10.00, the Warden of Northampton County Prison or other

appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding

month's income credited to Cowan's inmate account until the fees are paid.  Each payment shall refer

to the docket number for this case.

3.      The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of

Northampton County Prison.

4.      The Complaint is **DEEMED** filed.

5.      The Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a

claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum.

6.      Cowan may file an amended complaint within thirty (30) days of the date of this

Order.  Any amended complaint must identify all defendants in the caption of the amended complaint

in addition to identifying them in the body of the amended complaint and shall state the basis for

Cowan's claims against each defendant.  The amended complaint shall be a complete document that

does not rely on the initial Complaint or other papers filed in this case to state a claim.  When

drafting his amended complaint, Cowan should be mindful of the Court's reasons for dismissing the

claims in his initial Complaint as explained in the Court's Memorandum.  Upon the filing of an

amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7.      The Clerk of Court is **DIRECTED** to send Cowan a blank copy of the Court's form

complaint for a prisoner filing a civil rights action bearing the above civil action number.  Cowan

may use this form to file his amended complaint if he chooses to do so.[1]

8.      If Cowan does not wish to amend his Complaint and instead intends to stand on

his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the

date of this Order stating that intent, at which time the Court will issue a final order dismissing the

case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil

action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff

does not desire to amend, he may file an appropriate notice with the district court asserting his intent

to stand on the complaint, at which time an order to dismiss the action would be appropriate."

(quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec.

Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion

---

[1] This form is available on the Court's website at
http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to

replead those claims" when the district court "expressly warned plaintiffs that failure to replead the

remaining claims . . . would result in the dismissal of those claims").

      9.     If Cowan fails to file any response to this Order, the Court will conclude that

Cowan intends to stand on his Complaint and will issue a final order dismissing this case.[2] *See*

*Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be

inferred from inaction after issuance of an order directing him to take action to cure a defective

complaint).

BY THE COURT:

/s/ John R. Padova
JOHN R. PADOVA, J.

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

3